ILLINOIS CENT. R. CO. v. FOWLER.

[86 South. 460, No. 21305.]

TRIAL. *Directed verdict for defendant is proper, when plaintiff's case is not proved.*

Where the evidence does not tend to prove the plaintiff's cause of action, the court may instruct the jury to return a verdict for the defendant.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Action by G. M. Fowler against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

*Wells, May & Saunders*, for appellant.

*J. A. Cunningham*, for appellee.

No brief of counsel found in the record for either side.

SMITH, C. J., delivered the opinion of the court.

The appellee seeks to recover from the appellant damages for a personal injury sustained by him because, as he alleges, of the negligence of the appellant. The evidence on which his claim is based is he was an employee of the appellant, and as such was assisting in moving a "frog," weighing about two thousand pounds, from one place on the appellant's railroad track to another. In order to remove the "frog," it was placed across the rails and pulled forward by the appellant's employees with picks, the handles of which were three feet long, thereby causing it to slide along the rails. All of the men who were engaged in this work placed the points of their picks in holes in front of the "frog," except the appellee, who placed the point of his pick behind the "frog," thereby bringing his body about eighteen inches closer to it than if he had put his pick in the holes in the "frog." While the "frog" was being pulled forward, the appellee's foot was caught under it and injured, the manner in which it occurred being thus stated by the appellee:

"We was pulling it along and the ties were not level, and I got the toe of my shoe dragging and it caught on my foot and dragged it up on my foot."

The appellant's foreman in charge of the work stated that he told the appellee to take his pick from behind the "frog," and place it in one of the holes therein, but this was denied by the appellee, and the fact is not material. Eight men were engaged in moving the "frog," and there is no evidence that more were required or that the work was necessarily dangerous.

The appellant's request for an instruction, charging the jury to return a verdict in its favor, should have been granted, for the evidence discloses no negligence on the part of the appellant or its employees in relation to the appellee's injury. According to his evidence his step was retarded by the dragging of the toe of his shoe, thereby causing his foot to be caught and injured by the "frog," as it was being pulled forward, but what caused his foot to drag does not appear.

Reversed and judgment here for appellant.

*Reversed.*