McALPIN *v.* McALPIN

No. 42426 December 10, 1962 147 So. 2d 623

*Daniel, Coker & Horton, Melvin B. Bishop,* Jackson; *Jack Walker,* Mendenhall, for appellant.

*George B. Grubbs,* Mendenhall; *Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellant.

JONES, J.

Mrs. McAlpin was grievously injured in an accident hereinafter described, sued the appellant, secured a judgment, and hence this appeal. There is no question as to the amount of the judgment. The only question involved here is as to liability.

The appellant operated a general mercantile establishment in the Town of Magee. On December 24, 1960, the appellee was present in the store doing Christmas shopping. She was looking for a man's wallet, and not being satisfied with any wallets inside the store, went with her son, who was an employee of the store, to the outside front part of the store to see some wallets that were in the show window. While near the show window, a car undertaking to park, ran upon the sidewalk, struck the post connected with the store and hit the show

window itself. We say this because the pictures introduced in evidence made soon after the accident and before the car was moved conclusively show same. There was some intimation that the car did not strike the show window, but regardless of whether it did hit the show window there is no question but that it hit the post which was a part of the building. When it did this, glass from the show windows fell and the plaintiff was struck and injured.

It is the contention of the appellee that the glass fell and did the cutting. The appellant claims that the lady was crushed between the car and the show window. The evidence shows that flesh and blood were found in the show window and there is evidence that the lady, after the accident, was picked up while lying partly in the show window. The car either stopped or bounced back to a distance of some eight or ten inches or a foot from the show window. ▆▆ ▆ It was the theory of the appellee that the glass in the show window was weak and wobbley because in August previous to the accident it had been hit by another car and the glass broken. At that time parts of the glass were replaced, but there was a curved glass that was broken, and since it had to be specially made it was taped with some reinforcement by bars to hold it together. The glass in the curved window had not been replaced at the time of the accident because of some misunderstanding between the appellee and the glass people. However, the only evidence in the record as to the condition of this glass was that this tape was customarily used by glass people and the window was just as strong, if not stronger, than it was before. There was no evidence in the record that the window was wobbley, or weak, or shaky, and to find this it was necessary to draw such an inference solely from the fact that it had been cracked and taped. However, as stated, the only witnesses that testified on that feature — one a man experienced in the glass business and connected

with a glass company, and the other the appellee himself — was that the window was just as strong as a new glass. This proof as made by appellee was not contradicted.

The young lady who was driving the car in question testified that she intended to park in front of the store and as she undertook to do so, her foot slipped off the brake and rammed the accelerator so that the car raced forward, hit some part of the building, and she says "it bounced back." She does not remember any more about it except that she saw the glass falling and she did see Mrs. McAlpin and her son just before the accident. Also, it is shown without dispute that not only the taped window but other untaped and undamaged windows around it fell. There was no complaint as to those other windows and no explanation of their falling, except the collision of the car. From the record, the automobile was the sole cause of the accident.

 It is evident that the appellee failed to meet the burden of proof. The peremptory instruction requested by appellant should have been granted. Illinois Central R. R. Co. v. Fowler, 123 Miss. 826, 86 So. 460; Boggs v. Jewett, 127 Miss. 308, 90 So. 13.

Reversed and judgment here for appellant.

*Lee, P. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.